UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANOFI-AVENTIS U.S., LLC; GENZYME CORPORATION; and REGENERON PHARMACEUTICALS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>AMGEN INC. and IMMUNEX CORPORATION<br><br>Defendants. | Civil Action No. 1:17-CV-10465-NMG<br><br>**[REDACTED VERSION]** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER THE ACTION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....1
FACTUAL BACKGROUND....2
ARGUMENT....3
I. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' CLAIM AGAINST AMGEN....3
II. THE COURT LACKS PERSONAL JURISDICTION OVER IMMUNEX AND AMGEN....5
A. Immunex and Amgen Are Not Subject to Specific Jurisdiction in Massachusetts. ....6
B. Neither Immunex Nor Amgen Is Subject to General Jurisdiction in Massachusetts. ....7
1. Immunex Lacks Any Contacts with Massachusetts....7
2. Amgen Lacks Sufficient Contacts with Massachusetts to Render the Corporation "At Home" in That State....8
(a) Precedent from the United States Supreme Court Forecloses Subjecting Amgen to General Jurisdiction in This Case....8
(b) Additional Precedent from Other Federal Courts Confirms That This Court Lacks General Jurisdiction over Amgen. ....12
III. MASSACHUSETTS IS AN IMPROPER VENUE....14
IV. IN THE ALTERNATIVE, THE COURT MAY TRANSFER THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA. ....15
CONCLUSION....17

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
160 F.3d 1373 (Fed. Cir. 1998)....5

*Adams v. New Eng. Scaffolding, Inc.*,
2016 WL 6514090 (D. Mass. Oct. 28, 2016)....13

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
946 F.2d 622 (9th Cir. 1991)....17

*AmSouth Bank v. Dale*,
386 F.3d 763 (6th Cir. 2004)....16, 17

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009)....5

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed. Cir. 2008)....6, 7

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir. 1994)....16

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016)....13

*Bulwer v. Mass. Coll. of Pharmacy & Health Scis.*,
2014 WL 3818689 (D.N.H. Aug. 4, 2014)....13

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....5

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985)....16

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014).... 1, passim

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
823 F.3d 615 (Fed. Cir. 2016)....4

*Emerson Elec. Co. v. Black & Decker Mfg. Co.*,
606 F.2d 234 (8th Cir. 1979)....14

*Epic Sys. Corp. v. Acacia Research Corp.*,
2006 WL 3355185 (D. Del. Nov. 16, 2006)....5

*Fed. Home Loan Bank of Bos. v. Ally Fin., Inc.*,
2014 WL 4964506 (D. Mass. Sept. 30, 2014), vacated on other grounds *by*
*Fed. Home Loan Bank of Bos. v. Moody's Corp.*, 821 F.3d 102 (1st Cir. 2016)..............14, 15

*Fina Research, S.A. v. Baroid Ltd.*,
141 F.3d 1479 (Fed. Cir. 1998)..........................................................................................4

*Freedman v. Suntrust Banks, Inc.*,
139 F. Supp. 3d 271 (D.D.C. 2015)....................................................................................13

*Gen. Contracting & Trading Co. v. Interpole, Inc.*,
940 F.2d 20 (1st Cir. 1991)................................................................................................11

*Gen. Tire & Rubber Co. v. Watkins*,
326 F.2d 926 (4th Cir. 1964) ..............................................................................................14

*GMP Techs., LLC v. Zicam, LLC*,
2009 WL 5064762 (N.D. Ill. Dec. 9, 2009)..........................................................................5

*Gonzalez v. United States*,
284 F.3d 281 (1st Cir. 2002)................................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S. Ct. 2846 (2011)........................................................................................ 1, passim

*Holloman v. Clarke*,
2017 WL 722575 (D. Mass. Feb. 23, 2017) .........................................................................3

*Katz v. Pershing, LLC*,
806 F. Supp. 2d 452 (D. Mass. 2011)..................................................................................4

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)............................................................................................................10

*Kleinerman v. Luxtron Corp.*,
107 F. Supp. 2d 122 (D. Mass. 2000)................................................................................16

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
2015 WL 6243526 (S.D.N.Y. Oct. 20, 2015)....................................................................13

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)..............................................................................................................3

*Medici v. Lifespan Corp.*,
2017 WL 888308 (D. Mass. Mar. 6, 2017)....................................................................12, 13

*Mueller Sys., LLC v. Robert Teti & Itet Corp.*,
199 F. Supp. 3d 270, 278 (D. Mass. 2016) ..........................................................................6

*NanoLogix, Inc. v. Novak*,
No. 4:13-CV-1000, 2013 WL 6443376 (N.D. Ohio Dec. 9, 2013) ....................................... 17

*NESEA Constr., Inc. v. Bilco Co.*,
2006 WL 2883235 (D.N.J. Oct. 6, 2006) ........................................................................ 4

*Patera v. Bartlett*,
2016 WL 773225 (N.D. Ill. Feb. 29, 2016) ....................................................................... 13

*Perkins v. Benguet Consolidated Mining Co.*,
342 U.S. 437 (1952) ........................................................................................ 9, 10

*Presby Patent Tr. v. Infiltrator Sys., Inc.*,
2015 WL 3506517 (D.N.H. June 3, 2015) ........................................................................ 14

*Rite-Hite Corp. v. Kelley Co.*,
56 F.3d 1538 (Fed. Cir. 1995) ........................................................................................ 4

*SPV OSUS Ltd. v. UBS AG*,
114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015) ..................................................................... 14

*U.S. Aluminum Corp. v. Kawneer Co.*,
694 F.2d 193 (9th Cir. 1982) ........................................................................................ 14

*U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*,
2015 WL 5971126 (S.D. Ind. Oct. 14, 2015) ................................................................... 13

*Veryfine Prods., Inc. v. Phlo Corp.*,
124 F. Supp. 2d 16 (D. Mass. 2000) .............................................................................. 17

**FEDERAL STATUTES**

28 U.S.C. § 1391 ........................................................................................ 2, 14

28 U.S.C. § 1400(b) ........................................................................................ 14, 16

28 U.S.C. § 1406(a) ........................................................................................ 15, 17

28 U.S.C. § 1631 ........................................................................................ 15, 17

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1) ........................................................................................ 2, 3, 17

Fed. R. Civ. P. 12(b)(2) ........................................................................................ 2, 5, 17

Fed. R. Civ. P. 12(b)(3) ........................................................................................ 2, 17

**OTHER AUTHORITIES**

Wright & Miller, *Federal Practice & Procedure* § 1063 ..................................................................11

**INTRODUCTION**

Plaintiffs Sanofi-Aventis U.S., LLC; Genzyme Corporation; and Regeneron Pharmaceuticals, Inc. (together, "Plaintiffs"), seek to game the federal court system by attempting to litigate a patent infringement case in a forum where it does not belong. As the first in a series of jurisdictional defects, Plaintiffs improperly named Amgen Inc. ("Amgen") as a defendant to the action, despite the fact that Defendant Immunex Corporation ("Immunex") is the sole owner of the patent-in-suit. Amgen, by contrast, has no ownership interest or license in the patent-in-suit, and Plaintiffs thus have no reason to seek a declaratory judgment of non-infringement that includes Amgen. This Court therefore lacks subject-matter jurisdiction to adjudicate Plaintiffs' declaratory judgment claim against Amgen.

Plaintiffs appear to have named Amgen as a defendant to conceal a second problem: this District's lack of personal jurisdiction. Immunex is headquartered in California and incorporated under the laws of Washington State. It has no offices in or regular contacts with Massachusetts. Plaintiffs' Complaint, moreover, fails to allege that Immunex has engaged in any activity in Massachusetts that could have given rise to Plaintiffs' non-infringement claims. Plaintiffs, therefore, cannot maintain a jurisdictionally sound lawsuit against Immunex in this District.

The Complaint also fails to allege any facts that give rise to personal jurisdiction over Amgen. Amgen, Immunex's parent corporation, is headquartered in California and is incorporated under the laws of Delaware. Amgen's only contacts with Massachusetts are wholly unrelated to the allegations in the Complaint and do not render Amgen "essentially at home" in Massachusetts, as required by the U.S. Supreme Court's recent decisions. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011).

Plaintiffs also have failed to establish that Massachusetts is a proper venue for this action because two of the three possible ways to establish venue under 28 U.S.C. § 1391 stand and fall with personal jurisdiction, and the other requires establishing that Immunex and Amgen engaged in activity in Massachusetts that gave rise to the suit—an allegation Plaintiffs have not even attempted to make.

Because the allegations in Plaintiffs' Complaint are insufficient to establish subject-matter jurisdiction over Amgen, personal jurisdiction over either Immunex or Amgen, or proper venue, Immunex and Amgen now move to dismiss Plaintiffs' declaratory judgment action under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). In the alternative, Immunex and Amgen move for transfer of this action to their home district, the Central District of California, where it could be consolidated with a subsequently filed, but jurisdictionally proper, lawsuit filed by Immunex accusing Plaintiffs' Dupixent® product of patent infringement. *See* Case No. 2:17-cv-02613 (C.D. Cal.).

**FACTUAL BACKGROUND**

Immunex and Amgen are committed to unlocking the potential of biology for patients suffering from serious illnesses by discovering, developing, manufacturing, and delivering innovative human therapeutics. Immunex and Amgen are pioneers in elucidating the complex signaling systems that regulate the human immune system and in developing strategies and therapeutics for treating inflammatory diseases.

Immunex was the first major biotechnology company to focus on the IL-4R signaling pathway and its role in such grievous illnesses as asthma and atopic dermatitis. Immunex's groundbreaking research in this area resulted in a large intellectual property portfolio, including United States Patent No. 8,679,487 ("the '487 Patent"). Immunex is the sole owner of the '487 Patent and the only entity with any legal interest in the patent. (Declaration of Nathan A.

Machin ¶ 4 (hereinafter, "Machin Decl.").) Although Amgen is the parent company of Immunex, Amgen holds no ownership interest or license in the '487 patent. *Id.* at ¶¶ 3-4. The '487 patent describes and claims monoclonal antibodies that are directed to the interleukin-4 receptor ("IL-4 receptor"). The IL-4 receptor has been implicated in several inflammatory conditions, including allergy, asthma, and dermatitis.

On March 20, 2017, Plaintiffs filed this action against Immunex and Amgen, seeking a declaratory judgment of non-infringement of the '487 Patent. About one week later, on March 28, 2017, Sanofi and Regeneron announced that they had received regulatory approval to market Dupixent® (dupilumab) in the United States.

On April 5, 2017, Immunex filed a patent infringement action against Sanofi, Sanofi-Aventis U.S. LLC, Genzyme Corporation, Aventisub, LLC, and Regeneron Pharmaceuticals, Inc., in Immunex's home forum, the Central District of California. *See* D.I. 1, Case No. 2:17-cv-02613 (C.D. Cal.). Immunex's complaint asserts that Sanofi, Regeneron, and Genzyme's manufacture, use, sale, offer for sale, and importation of Dupixent infringes the '487 patent. *Id.* The complaint also alleges that Regeneron used Immunex's patented IL-4R technology to develop Dupixent without Immunex's authorization. *Id.*

## ARGUMENT

### I. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFFS' CLAIM AGAINST AMGEN.

"In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction." *Holloman v. Clarke*, No. 14-12594-NMG, 2017 WL 722575, at *2 (D. Mass. Feb. 23, 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). In evaluating subject-matter jurisdiction, the district court may consider evidence outside the pleadings without converting

the proceeding to one for summary judgment. *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002); *Katz v. Pershing, LLC*, 806 F. Supp. 2d 452, 456 (D. Mass. 2011). Federal Circuit law, rather than regional circuit law, supplies the substantive standards for determining the Court's subject-matter jurisdiction with respect to patent actions. *See Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 617 (Fed. Cir. 2016).

The Court lacks subject-matter jurisdiction over Amgen. "[D]eclaratory judgment barring enforcement of a patent cannot be sought against one who lacks the ability to enforce the patent in the first place." *NESEA Constr., Inc. v. Bilco Co.*, No. 03-2111 (RBK), 2006 WL 2883235, at *2 (D.N.J. Oct. 6, 2006). Plaintiffs' Complaint alleges "[o]n information and belief" that Amgen possesses rights in the '487 patent. *See* Compl. ¶ 20. But Amgen holds no ownership interest or license in the '487 Patent. (Machin Decl. ¶ 4.) Immunex is the sole entity with any legal interest in the '487 Patent.[1] *Id.* This fact alone warrants Amgen's dismissal.

Just as a party with no legal interest in a patent cannot enforce that patent in an infringement action, *see Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1553–54 (Fed. Cir. 1995) (en banc), a potential infringer cannot obtain a declaratory judgment of non-infringement against a party with no legal interest in the patent-in-suit, *see Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998) (noting the court's prior decision that, because a declaratory judgment defendant held "no legal interest in the two patents and therefore could not bring suit for patent infringement, there was no actual controversy between [the declaratory judgment plaintiff] and [defendant] that would support jurisdiction under the Declaratory Judgment Act"). Plaintiffs' claim against Amgen—which is neither an owner nor a licensee of the '487 Patent—

[1] Plaintiffs' naming of Amgen appears to be little more than an effort to bolster their extraordinarily tenuous allegations of personal jurisdiction over Immunex by highlighting Amgen's research facility in Cambridge, Massachusetts.

therefore fails and must be dismissed. *See GMP Techs., LLC v. Zicam, LLC*, No. 08 C 7077, 2009 WL 5064762, at *2 (N.D. Ill. Dec. 9, 2009) (holding that a corporate parent with no interest in its subsidiary's patent was not a proper defendant in a declaratory action for non-infringement); *Epic Sys. Corp. v. Acacia Research Corp.*, No. CIVA-06-255 JJF, 2006 WL 3355185, at *4 (D. Del. Nov. 16, 2006) (granting a motion to dismiss a declaratory judgment action for non-infringement against a defendant that had no interest in the patent-in-suit).

## II. THE COURT LACKS PERSONAL JURISDICTION OVER IMMUNEX AND AMGEN.

The Due Process Clause forbids a court from exercising personal jurisdiction over a defendant if the defendant lacks a sufficient connection to the forum state in which the court sits. *Goodyear,* 131 S. Ct. at 2853. A defendant who wishes to exercise this due process right can do so by filing a motion to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Once such a motion is filed, the burden shifts to the plaintiff to persuade the court that personal jurisdiction does in fact exist. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). In patent cases, Federal Circuit law, rather than regional circuit law, applies in determining compliance with federal due process. *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998).

Personal jurisdiction comes in two varieties: specific and general. Specific—or conduct-linked jurisdiction—exists when the cause of action being asserted arises out of the defendant's conduct or activities in the forum in question. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). General jurisdiction, by contrast, arises when a defendant's affiliations with a particular State are "so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear*, 131 S. Ct. at 2851). When a plaintiff manages to establish general jurisdiction, a court is permitted to exercise jurisdiction over a

defendant even if the cause of action is entirely unrelated to the defendant's contacts with the relevant forum. *Goodyear*, 131 S. Ct. at 2853. "Exercising general jurisdiction over an entity that is neither incorporated nor has its principal place of business in the forum is exceptional." *Mueller Sys., LLC v. Robert Teti & Itet Corp.*, 199 F. Supp. 3d 270, 278 (D. Mass. 2016) (citing *Daimler*, 134 S. Ct. at 761).

In this case, Plaintiffs cannot establish that Immunex or Amgen is subject to specific *or* general jurisdiction in Massachusetts. Plaintiffs have not even attempted to allege the existence of specific jurisdiction in their Complaint—nor could they. Immunex and Amgen have not engaged in any conduct in Massachusetts that could be said to have given rise to this dispute. Furthermore, neither Immunex's nor Amgen's presence in Massachusetts is nearly pervasive enough for them to be essentially "at home" in the State. Immunex does not have any regular contacts with Massachusetts, and Amgen's contacts with Massachusetts are both dwarfed by its contacts with California and comparable to its contacts in numerous other States outside of California. The Court, accordingly, must dismiss this case for lack of personal jurisdiction.

### A. Immunex and Amgen Are Not Subject to Specific Jurisdiction in Massachusetts.

In an action for declaratory judgment for non-infringement of a patent, specific personal jurisdiction must be based upon activities in the forum to enforce the patent. *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332–33 (Fed. Cir. 2008) (explaining that in a non-infringement suit, where the patentee is the defendant, specific jurisdiction turns on the defendant's efforts to enforce its patent in the forum State). The allegations included in the "Jurisdiction and Venue" section of the Complaint here do not allege any facts that would support specific jurisdiction over either Immunex or Amgen. *See* Compl. ¶ 10. Indeed, the only allegations that could possibly relate to enforcement of the '487 Patent appear later in the

Complaint, where Plaintiffs make a vague assertion, on information and belief, that Amgen and Immunex have hired litigation counsel and are in the process of retaining experts to pursue a patent infringement claim. *Id.* ¶ 22. Even if these allegations are taken as true, the Complaint falls well short. Plaintiffs allege no link between the Commonwealth of Massachusetts and the exploratory steps that they allege Amgen and Immunex have taken towards enforcing the ’487 Patent. That connection is imperative; without it, Plaintiffs cannot establish specific jurisdiction. *See Avocent*, 552 F.3d at 1332–33.

### B. Neither Immunex Nor Amgen Is Subject to General Jurisdiction in Massachusetts.

#### 1. Immunex Lacks Any Contacts with Massachusetts.

Plaintiffs cannot show that the Court has general jurisdiction over Immunex because it has no contacts with Massachusetts. Immunex is incorporated in the State of Washington and maintains its principal place of business in California. (*See* Declaration of Emily C. Johnson ¶ 8 (hereinafter, “Johnson Decl.”).) Immunex does not conduct business in Massachusetts, nor does it have offices, employees, or an agent for service of process here. *Id.* ¶ 9. It is not registered to transact business in Massachusetts, and it does not own property in Massachusetts or pay Massachusetts state taxes. *Id.* Plaintiffs thus lack any basis for establishing general personal jurisdiction over Immunex, the sole owner of the ’487 Patent.

### 2. Amgen Lacks Sufficient Contacts with Massachusetts to Render the Corporation "At Home" in That State.

#### *(a) Precedent from the United States Supreme Court Forecloses Subjecting Amgen to General Jurisdiction in This Case.*

Even if the Court concludes that it does have subject-matter jurisdiction over Amgen, Plaintiffs' claim against Amgen fails because the Court lacks personal jurisdiction over Amgen. Although Amgen has contacts with Massachusetts, those contacts are not sufficient to render Amgen essentially "at home"—particularly when compared to Amgen's contacts in its home state of California or the other states where it conducts business.

In the wake of the Supreme Court's decisions in *Goodyear* and *Daimler,* the fact that a defendant "engages in a substantial, continuous, and systematic course of business" in a given forum is no longer sufficient to establish general personal jurisdiction. *Daimler*, 134 S. Ct. at 761 (quoting Brief for Respondents 16–17 & nn.7–8); *see id.* (rejecting that standard as "unacceptably grasping"). Instead, the corporation's "affiliations with the State" must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851). Although the Supreme Court has declined to confine general personal jurisdiction to a corporation's place of incorporation and principal place of business alone, it has made clear that general jurisdiction extends beyond those locations only "in an exceptional case." *Id.* at 761 n.19.

The Supreme Court's holding in *Daimler* helps shed some light on just how "exceptional" a case must be to allow for general jurisdiction. Although the *Daimler* case involved different facts and allegations, the personal jurisdiction principles govern here. In that case, the plaintiffs had sued Daimler AG, a German company, in the U.S. District Court for the Northern District of California. The plaintiffs pointed out that Mercedes-Benz USA, LLC, one

of Daimler's subsidiaries, was the "largest supplier of luxury vehicles to the California market." *Id.* at 752. Mercedes-Benz had "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine." *Id.* And Mercedes' California sales accounted for 2.4 percent of Daimler's sales worldwide. *Id.*

The Supreme Court assumed, for purposes of the *Daimler* decision alone, that all of Mercedes-Benz's California contacts could be attributed to Daimler itself. *Id.* at 758. Daimler, in other words, was treated as if it had multiple offices in California and did considerable business there. Nevertheless, despite these extensive contacts, the Court concluded that Daimler was not "at home" in California and thus could not be subjected to general jurisdiction there. *Id.* at 762. "A corporation that operates in many places," the Court said, "can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* at 762 n.20.

The *Daimler* Court pointed to another case, *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952), as the quintessential example of the "exceptional" case in which general jurisdiction existed outside of the place of incorporation or principal place of business. *Daimler*, 134 S. Ct. at 755–56, 761 n.19. In *Perkins*, the defendant, Benguet, was a mining company incorporated under the laws of the Philippines. Benguet had stopped its mining operations in the Philippines because of the Japanese occupation during World War II, and its president had moved to Ohio, where he maintained an office, kept up with the company's files, and managed the company's activities. *Perkins*, 342 U.S. at 448; *see also Daimler*, 134 S. Ct. at 756 n.8 (describing *Perkins* and noting that "[a]ll of Benguet's activities were directed by the company's president from within Ohio"). When an Ohio resident sued Benguet, the Supreme Court held that an Ohio court could permissibly exercise general jurisdiction over the company

without violating its due-process rights. *Perkins*, 342 U.S. at 448. Because "Ohio was the center of the corporation's wartime activities," *Daimler*, 134 S. Ct. at 756 n.8, it was subject to general jurisdiction in that forum, even for claims that neither arose in Ohio nor were related to Benguet's activities in that State. *Perkins*, 342 U.S. at 448.

Together, these cases make clear that this Court lacks general jurisdiction over Amgen. Amgen's contacts with Massachusetts are more limited than Daimler's were in California. And Amgen is nothing like Benguet, which effectively relocated its principal place of business to Ohio. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 n.11 (1984) (explaining *Perkins* by clarifying that Ohio had become Benguet's "principal, if temporary, place of business").

*Daimler* directs courts to conduct "an appraisal of a corporation's activities in their entirety, nationwide and worldwide," to determine whether general personal jurisdiction exists. 134 S. Ct. at 762 n.20. In this case, Plaintiffs' complaint fails to allege any facts that establish general jurisdiction over Amgen. Amgen is not incorporated in this forum. Nor does it have its principal place of business here. Amgen is incorporated in Delaware and has its principal place of business in California. (Johnson Decl. ¶ 2.) Amgen has employees, offices, other property, and sales in many other States. *Id.* ¶¶ 3-7.

- *Employees:* Amgen has employees in every State in the country except Alaska. Amgen has approximately 6,467 employees in California (52.5 percent); approximately 2,056 employees in Puerto Rico (16.7 percent); and approximately 740 employees in Rhode Island (6 percent). By contrast, only 4.4 percent of its employees in the United States are in Massachusetts (approximately 540 out of 12,310 total domestic employees). *Id.* ¶ 4.
- *Offices:* Amgen has eight offices in the United States—two in California, one in Kentucky, two in Massachusetts, one in Puerto Rico, one in Rhode Island, and one in

Washington, D.C.—and plans to open another in Tampa, Florida later this year. In addition, Amgen has 48 offices in countries outside of the United States, ranging from Brazil to Lithuania to Australia. *Id.* ¶ 3.

- *Property:* Amgen owns 57 pieces of property in the United States. Only two of those properties are in Cambridge, Massachusetts. Amgen leases 26 properties across the United States. Only three of the leased properties are in Massachusetts. *Id.* ¶¶ 5-6.
- *Sales:* Amgen's sales in Massachusetts account for approximately [redacted] of its annual total U.S. sales. *Id.* ¶ 7.

An appraisal of Amgen's activities makes clear that Amgen is not "at home" in Massachusetts. Indeed, if Amgen were considered "at home" in Massachusetts, it would also be "at home" in numerous other states across the country. The Supreme Court has squarely rejected such "exorbitant exercises of all-purpose jurisdiction"—even where the defendant's contacts with the forum State are "continuous and systematic," as Plaintiffs' complaint alleges. Compl. ¶ 10 (highlighting Amgen's research and development facilities, employees, property, sales, business registration, and agents in Massachusetts); *Daimler*, 134 S. Ct. at 761; *see also id.* ("[T]he inquiry . . . *is not* whether a . . . corporation's in-forum contacts can be said to be in some sense 'continuous and systematic.'" (emphasis added) (citing *Goodyear*, 131 S. Ct. at 2851)). This Court should similarly reject general jurisdiction over Amgen in this case.[2]

[2] Plaintiffs include in their Complaint an allegation that Amgen and Immunex have "regularly" brought lawsuits to enforce their patents in Massachusetts. Compl. ¶ 10. But a plaintiff's decision about where to bring suit turns on whether the forum has personal jurisdiction over *the defendant*, not the plaintiff. *See* Wright & Miller, *Federal Practice & Procedure* § 1063 ("[T]he court must have jurisdiction over the *defendant*'s person, his property, or the res that is the subject of the suit." (emphasis added)); *cf. Gen. Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 23 (1st Cir. 1991) (noting that having filed a prior suit in a given forum may give rise to personal jurisdiction *where the prior suit relates to the "same transaction or aris[es] out of the same nucleus of operative facts"* (emphasis added)). The forums where Amgen and

*(b) Additional Precedent from Other Federal Courts Confirms That This Court Lacks General Jurisdiction over Amgen.*

Recent precedent from other federal courts of appeal and district courts applying *Daimler* and *Goodyear* confirms that Plaintiffs' allegations do not support general jurisdiction over Amgen. Indeed, as far as Defendants have been able to ascertain, *no court* has cited *Daimler* and yet still exercised general jurisdiction over a defendant who was not incorporated in the forum State, did not have its principal place of business there, or had not consented to jurisdiction in some manner. Instead, courts throughout the United States—including the District of Massachusetts—have consistently dismissed such suits for lack of personal jurisdiction, even where the defendant had offices, employees, and/or other considerable contacts with the forum State.

In *Medici v. Lifespan Corp.*, No. 16-cv-10289-ADB, 2017 WL 888308 (D. Mass. Mar. 6, 2017), for example, the court considered whether it had general jurisdiction over a trauma center operating in southern New England. *Id.* at *3, 7–8. The plaintiff pointed out that, although the trauma center's principal place of business was Rhode Island, it operated a hospital with two locations in Massachusetts, employed physicians in Massachusetts, and served patients in Massachusetts. *Id.* at *7. The court acknowledged that such contacts would likely have satisfied general jurisdiction before *Daimler* and *Goodyear*, but said that "[i]n the wake of [those two cases], it appears that the test for establishing general jurisdiction has become considerably more stringent." *Id.* In light of this more rigorous test, the court concluded that the trauma center was not "essentially at home" in Massachusetts. *Id.* at *8. The court therefore declined to subject the center to general jurisdiction. *Id.*; *see also Bulwer v. Mass. Coll. of Pharmacy & Health Scis.*,

Immunex have filed unrelated patent infringement suits, then, sheds light only on their belief that there was a sound jurisdictional basis to exercise jurisdiction over the defendant(s)—not whether Amgen or Immunex considered themselves to be "at home" in the forum State.

No. 1:13-cv-521-LM, 2014 WL 3818689, at *5–6 (D.N.H. Aug. 4, 2014) (rejecting plaintiff's general-jurisdiction argument, even though the defendant college had a satellite campus in New Hampshire and more than 400 students taking courses in that State).

In *Freedman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271 (D.D.C. 2015), the court declined to exercise general personal jurisdiction over the defendants, even though they had a "significant 'brick-and-mortar' presence" in Washington, D.C. *Id.* at 279–80. The plaintiff pointed out that the defendants: (1) maintained a physical business office in the District, along with mortgage branches where they originated loans; (2) were registered to do business in the District; and (3) maintained an agent for service of process in the District. *Id.* at 279. The court, however, explained that the defendants had eight "primary bases of operation" across the country, and that the District was just one of the eight. *Id.* The plaintiff's jurisdictional argument would "render Defendants 'at home' in eight different jurisdictions encompassing much of the eastern seaboard," the court said, and "*Daimler* explicitly forecloses such an outcome." *Id.* at 279. The court, accordingly, held that it lacked general jurisdiction. *Id.* at 280.

These cases are a small sample of the many post-*Daimler* cases that confirm that a court may not subject a defendant corporation to general personal jurisdiction in a forum other than the corporation's place of incorporation or principal place of business, absent truly exceptional circumstances. *See also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016); *Adams v. New Eng. Scaffolding, Inc.*, No. 13-12629-FDS, 2016 WL 6514090, at *3 (D. Mass. Oct. 28, 2016); *Patera v. Bartlett*, No. 15 C 50190, 2016 WL 773225, at *2 (N.D. Ill. Feb. 29, 2016); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 6243526, at *27 (S.D.N.Y. Oct. 20, 2015); *U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*, No. 1:14-cv-01492-TWP-DKL, 2015 WL 5971126, at *8 (S.D. Ind. Oct. 14, 2015); *SPV OSUS Ltd. v.*

*UBS AG*, 114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015); *Presby Patent Tr. v. Infiltrator Sys., Inc.*, No. 14-CV-542-JL, 2015 WL 3506517, at *5 (D.N.H. June 3, 2015); *Fed. Home Loan Bank of Bos. v. Ally Fin., Inc.*, No. 11-10952-GAO, 2014 WL 4964506, at *2 (D. Mass. Sept. 30, 2014), *vacated on other grounds by Fed. Home Loan Bank of Bos. v. Moody's Corp.*, 821 F.3d 102 (1st Cir. 2016).

## III. MASSACHUSETTS IS AN IMPROPER VENUE.

Not only is personal jurisdiction lacking over Immunex and Amgen, but Massachusetts is also an improper venue for this dispute. According to 28 U.S.C. § 1391 (the relevant venue statute in a non-infringement case)[3]:

> (b) A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

In light of these requirements, venue is improper for many of the same reasons the Court lacks personal jurisdiction: First, neither Immunex nor Amgen—much less both—resides in Massachusetts, as subsection (1) requires. *See* § 1391(c)(2) (defining corporate "residency" as being dependent on the existence of personal jurisdiction). Second, to the extent either Amgen

---

[3] It has long been held that "[v]enue in a declaratory judgment action for patent noninfringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b)." *U.S. Aluminum Corp. v. Kawneer Co.*, 694 F.2d 193, 195 (9th Cir. 1982); *see also Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 238 (8th Cir. 1979); *Gen. Tire & Rubber Co. v. Watkins*, 326 F.2d 926, 929 (4th Cir. 1964) (collecting cases from other circuits).

or Immunex engaged in *any* activity giving rise to Plaintiffs' non-infringement claim prior to the filing of Immunex's Complaint in California, there is no allegation that any activity took place in Massachusetts, as subsection (2) requires. Third, as discussed at length in Part II, neither Immunex nor Amgen is subject to the Court's personal jurisdiction in this district, as subsection (3) requires. Together, these factors make clear that Massachusetts is an improper venue for this suit and that, if Plaintiffs wish to pursue their non-infringement claims, the best—and perhaps only—venue for doing so is the Central District of California.

## IV. IN THE ALTERNATIVE, THE COURT MAY TRANSFER THIS CASE TO THE CENTRAL DISTRICT OF CALIFORNIA.

In the alternative, instead of dismissing this case, the Court may transfer it to the Central District of California pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a). There, it can be consolidated with the lawsuit that Immunex filed against Plaintiffs on April 5, 2017.

Section 1631 provides, in relevant part, that, "[w]henever a civil action is filed . . . and th[e] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." The First Circuit recently held that Section 1631 should be interpreted "broadly to permit transfer when there's a lack of either personal or subject matter jurisdiction." *Fed. Home Loan Bank of Bos.*, 821 F.3d at 119.

Section 1406(a) similarly provides, in relevant part, that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Central District of California constitutes a proper forum for transfer under either of these statutes, and indeed would permit consideration of both Plaintiffs' claims in this action and

the infringement claims that Immunex has already filed in that District. Amgen and Immunex both have their principal places of business in the Central District of California and hence are subject to general jurisdiction in that forum. *See Daimler*, 134 S. Ct. at 749 (identifying the principal place of business as "[t]he paradigm all-purpose forum[]"). The Central District of California, moreover, has specific personal jurisdiction over Plaintiffs (the defendants in the California action) because they are selling an infringing drug product in that State. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (holding that specific personal jurisdiction exists in patent infringement actions where the non-resident defendant purposefully has shipped allegedly infringing products into the forum); *see also In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (finding the defendant had a "regular and established place of business" such that personal jurisdiction was proper under the patent venue statute, 28 U.S.C. § 1400(b), where the defendant employed two full-time sales representatives but did not have a fixed physical presence). Because the Central District of California may exercise jurisdiction over *all* of the parties in the two related actions—and is likely the only district that could—that District would be the optimal forum if the Court wishes to transfer the case.

In opposing transfer of this case, Plaintiffs may point to the "first-filed "rule," which generally grants priority to the earlier filed of competing lawsuits in different courts. That rule, however, cannot overcome the glaring jurisdictional defects in the Complaint. Moreover, the first-filed rule "is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory action." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004); *see also Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 124–25 (D. Mass. 2000) (stating that "the 'first-filed rule' will not be dispositive" where a possible infringer

preemptively files a declaratory judgment action against a patentee). Indeed, "[c]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *AmSouth Bank*, 386 F.3d at 788; *see also Veryfine Prods., Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16, 22 (D. Mass. 2000) ("The first-filed suit is particularly suspect where a party . . . has brought a declaratory judgment action for non-infringement. The true underlying claim, of course, was patent infringement, and in cases such as this the circumstances demonstrate that the winner of the race to the courthouse should not enjoy the presumption of preferable venue."). Additionally, the courts have declined to follow the first-filed rule where jurisdiction is lacking in the first-filed action. *See, e.g., Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628–29 (9th Cir. 1991); *NanoLogix, Inc. v. Novak*, No. 4:13-CV-1000, 2013 WL 6443376, at *2 (N.D. Ohio Dec. 9, 2013). Together, these two exceptions to the first-filed rule convey a strong preference for deciding the infringement issues involved in this case in the Central District of California, Immunex and Amgen's home district.

## CONCLUSION

Because the Court lacks subject-matter jurisdiction over Amgen, and it lacks personal jurisdiction over both Immunex and Amgen, the Court should dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). In the alternative, Immunex and Amgen respectfully request that the Court transfer this case to the United States District Court for the Central District of California, either under 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a).

Dated: April 11, 2017

Respectfully submitted,

*/s/ Sarah Chapin Columbia*
Sarah Chapin Columbia (BBO# 550155)
Katherine Nicole Clouse (BBO# 683177)
McDERMOTT WILL & EMERY
28 State Street
Suite 3400
Boston, Massachusetts 02109-1775
Tel: (617) 535-4000 Fax: (617) 535-3800
scolumbia@mwe.com
nclouse@mwe.com

*Attorneys for Defendants*
*Amgen Inc. and Immunex Corporation*

*Of Counsel:*

Gregory P. Stone
Heather E. Takahashi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Tel: (213) 683-9100 Fax: (213) 687-3702
gregory.stone@mto.com
heather.takahashi@mto.com

Sarah G. Boyce
MUNGER, TOLLES & OLSON LLP
1155 F Street NW, 7th Floor
Washington, DC 20004-1361
Tel: (202) 220-1100 Fax: (202) 220-2300
sarah.boyce@mto.com

*Attorneys for Defendants*
*Amgen Inc. and Immunex Corporation*

**CERTIFICATE OF SERVICE**

I, Sarah Chapin Columbia, hereby certify that I served the foregoing document by causing a copy to be sent electronically to the registered participants in this case, as identified in the Notice of Electronic Filing, and that paper copies will be sent to all those non-registered participants, if any, on April 11, 2017.

*/s/ Sarah Chapin Columbia*
Sarah Chapin Columbia
K. Nicole Clouse, PhD.
McDERMOTT WILL & EMERY
28 State Street
Suite 3400
Boston, Massachusetts 02109-1775
Tel: (617) 535-4000 Fax: (617) 535-3800
scolumbia@mwe.com
nclouse@mwe.com

*Attorneys for Defendants*
*Amgen Inc. and Immunex Corporation*